## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
## THIRD DIVISION

UNITED STATES OF AMERICA,                                        Criminal No. 07-166(2) JNE/AJB

        Plaintiff,

v.                                                                **REPORT AND RECOMMENDATION**

ROBERTO RIVERA-MIRANDA,

        Defendant.


    Erica H. MacDonald, Esq., Assistant United States Attorney, for the plaintiff, United States of America;

    Steve L. Bergerson, Esq., for the defendant, Roberto Rivera-Miranda.


    This action came on for hearing before the Court, Magistrate Judge Arthur J. Boylan, on January 26, 2009, at the U.S. Courthouse, 316 North Robert Street, St. Paul, MN 55101.  The Court issued an Order on Motions dated January 27, 2009, reserving defendant's motions to suppress wiretap evidence for submission to the District Court on report and recommendation.

    Based upon the file and documents contained therein, along with exhibits received at hearing, the Magistrate Judge makes the following:

**Findings**

    On March 23, 2007, United States District Court Chief Judge James M. Rosenbaum issued a Order Authorizing the Interception of Wire Communications, therein permitting interceptions to and from a particularly identified target telephone assigned to Roberto Rivera-Miranda.  (Hrg. Ex. 3).  The Order described the subject matter of calls to be intercepted, indicated the objectives of the wiretap investigation, provided a maximum duration

period, and stated conditions upon which interceptions should be terminated. The Order was issued on the basis of probable cause contained in the Affidavit of I.C.E. Special Agent Stacy N. Burrows (Hrg. Ex. 2), including reports from multiple confidential informants and cooperating sources; pen register, trap and trace, and toll record analysis; undercover operations; consensually monitored phone calls; physical surveillance; and trash searches.

On April 20, 2007, United States District Court Chief Judge James M. Rosenbaum issued a second Order Authorizing the Interception of Wire Communications, therein permitting continuation of interceptions to and from the same particularly described target telephone as authorized under the March 23, 2007, Order, and further authorizing interceptions to and from a second particularly described target telephone, assigned to Arlenys Encarnacion. (Hrg. Ex. 7). The second Order also described the subject matter of calls to be intercepted, indicated the objectives of the wiretap investigation, provided a maximum duration period, and stated conditions upon which interceptions should be terminated. The Order was issued on the basis of probable cause contained in the Spinoff and Extension Affidavit of I.C.E. Special Agent Stacy N. Burrows (Hrg. Ex. 6), including reports from multiple confidential informants and cooperating sources; pen register, trap and trace, and toll record analysis; undercover operations; consensually monitored phone calls; physical surveillance; and trash searches. The affidavit further provided probable cause evidence obtained as a result of the initial wiretap.

On May 4, 2007, United States District Court Chief Judge James M. Rosenbaum issued a third Order Authorizing the Interception of Wire Communications, therein permitting continuation of interceptions to and from an additional particularly described target telephone.

(Hrg. Ex. 11). The third Order also described the subject matter of calls to be intercepted, indicated the objectives of the wiretap investigation, provided a maximum duration period, and stated conditions upon which interceptions should be terminated. The Order was issued on the basis of probable cause contained in the Spinoff Affidavit of I.C.E. Special Agent Stacy N. Burrows (Hrg. Ex. 10), including reports from multiple confidential informants and cooperating sources; pen register, trap and trace, and toll record analysis; undercover operations; consensually monitored phone calls; physical surveillance; and trash searches. The affidavit further provided probable cause evidence obtained as a result of the each of the prior wiretaps.

Digital recordings obtained as a result of all the above wiretaps have been sealed pursuant to sealing application dated May 21, 2007 (Hrg. Ex. 13), and Sealing Order dated May 21, 2007 (Hrg. Ex. 14). Monitoring of intercepted phone conversations was subject to minimization requirements outlined in separate memorandums prepared by an Assistant United States Attorney in connection with each of the separate interception orders (Hrg. Ex. 15, Ex. 16, and Ex. 17).

Based upon the foregoing Findings, the Magistrate Judge makes the following:

**Conclusions**

Evidence obtained pursuant to separate Orders Authorizing the Interception of Wire Communications dated March 23, 2007 (Hrg. Ex. 3), April 20, 2007 (Hrg. Ex. 7), and May 4, 2007 (Hrg. Ex. 11) was not obtained without lawful court order or search warrant, and suppression of wiretap evidence on that grounds is not required. Furthermore, defendant has not made the required showing that the application for electronic surveillance and the supporting affidavit in this case were substantively deficient or that the wiretap surveillance as conducted in

this instance did not satisfy the procedural requirements set forth at 18 U.S.C. 2518. Evidence obtained either directly or derivatively through interception of wire or oral communications should not be suppressed.

An application to engage in electronic surveillance must be reviewed in a practical and common sense fashion and broad discretion must be accorded to the decision to authorize a wiretap. United States v. Garcia, 785 F.2d 214, 221 (8th Cir. 1986). The information in the supporting affidavit must present a truthful showing of probable cause. United States v. Falls, 34 F.3d 674, 681 (8th Cir. 1994)(citing Franks v. Delaware, 438 U.S. 154, 164-65, 98 S.Ct. 2674, 2680-81 (1978)). A defendant has the burden of showing that wiretap authority was unlawfully obtained or used. Garcia, 785 F.2d at 222. An application may be challenged through a showing that facts included in the affidavit are false or were made with reckless disregard for the truth, or that facts were omitted with intent to mislead or in reckless disregard to whether the affidavit is misleading. Falls, 34 F.3d at 681. Defendant has not shown that the wiretap applications and affidavits in this matter contain any untruthful probable cause information or that material was otherwise presented or omitted with the intent or the effect of misleading the issuing judge, and has not established that the authorizing order were unlawful or deficient in any regard.

The wiretap applications in this case (Hrg. Ex. 1, Ex. 5, and Ex. 9) each contain a recitation of the statutory justifications for the warrants; a description of the application procedures which have been followed pursuant to the requirements of 18 U.S.C. § 2516; and a request for permission to conduct telephone surveillance consistent with provisions of 18 U.S.C. § 2518. Each application further identifies particular individuals who are targets of the proposed

surveillance and generally asserts the existence of probable cause as stated with particularity in an attached Affidavit of I.C.E. Special Agent Stacy N. Burrows (Hrg. Ex. 2), Spinoff and Extension Affidavit of I.C.E. Special Agent Stacy N. Burrows (Hrg. Ex. 6), and Spinoff Affidavit of I.C.E. Special Agent Stacy N. Burrows (Hrg. 10), respectively.  Furthermore, upon review of each of the wiretap authorizing orders, supporting applications and affidavits, and minimization memorandums, the court concludes that the authorizing orders were issued on the basis of applications and affidavits that properly described the objectives of the electronic surveillance and advised the issuing judge as to the necessity for wiretap in light of other investigative techniques that had been attempted and/or considered.  There is no evidence in the record that would permit the court to conclude that wiretaps were continued beyond either the 30 days permitted pursuant to the applicable order or beyond the time of attainment of specified investigation objectives.  See  United States v. Brown, 941 F.2d 656, 659 (8th Cir. 1991).  In addition, the court concludes that each affidavit provides adequate explanation as to why sufficient evidence to attain the investigation's goals could not be obtained through use of more traditional investigative techniques.  Therefore, each of the affidavits of Stacy N. Burrows establishes that, despite the successes that had been achieved through use of other investigation methods, wire surveillance was necessary to obtain evidence regarding the specific identities of persons involved in a nationwide network involving human trafficking and prostitution, the locations of brothels associated with the network, the methods and means by which women are smuggled into and transported throughout the United States, and the locations and dispositions of proceeds of criminal activities.  See  United States v. Thompson, 210 F.3d 855, 859 (8th Cir. 2000).

Finally, the court concludes that telephone monitors and translators were properly advised of limitations on the electronic surveillance that was permissible pursuant to each of the authorizing orders as provided in minimization memorandums that were prepared and distributed by an Assistant United States Attorney. (Hrg. Ex. 15, Ex. 16, and Ex. 17). The memorandums stated the two-minute rule whereby surveillance of innocent conversations was to be promptly terminated, subject to intermittent spot-checking; privileged communications were not subject to interception; and monitoring logs were to be maintained. There is no evidence before the court to suggest that the surveillance took place in a manner that was in violation of minimization requirements and summary charts were prepared indicating the total number of intercepted transmissions on each target telephone. (Hrg. Ex. 18, Ex. 19, and Ex. 20). The charts further indicate the total number of completed calls on each phone and the total number of pertinent and non-pertinent calls on each phone; and with respect to minimized calls, the breakdown between pertinent and non-pertinent calls on each phone. The court finds no grounds for suppression of wiretap evidence for reasons relating to execution of authorization orders with respect to termination, necessity, minimization, or otherwise.

Based upon the foregoing Findings and Conclusions, the Magistrate Judge makes the following:

## RECOMMENDATION

The Court **hereby recommends** that defendant Roberto Rivera-Miranda's Motion for Suppression of Electronic Surveillance and Wiretapping be **denied** [Docket No. 712].

Dated:   February 18, 2009

    s/Arthur J. Boylan
    Arthur J. Boylan

                                                     United States Magistrate Judge

        Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before March 4, 2009.

        Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and file a complete transcript of the hearing within ten days of receipt of the Report.